UNITED STATES of America,
Appellee,

v.

Jerome Jerry SHARP, Appellant
(two cases).

Nos. 10524, 10936.

United States Court of Appeals
Fourth Circuit.

Argued March 7, 1967.

Decided July 20, 1967.

---

Jerome Jerry Sharp, on brief pro se.

Thomas J. Kenney, U. S. Atty., and Arthur K. Crocker, Asst. U. S. Atty., on brief for appellee.

Before SOBELOFF and CRAVEN, Circuit Judges, and HARVEY, District Judge.

PER CURIAM:

After waiving jury trial, Sharp was convicted and sentenced to serve five years in prison for knowingly transporting a stolen automobile in interstate commerce and for subsequently concealing the vehicle, in violation of 18 U.S.C. §§ 2312 and 2313. On appeal, he contends that the District Court erred, (1) in admitting evidence discovered through what he asserts was a series of illegal searches and (2) in failing, once his past mental history was revealed in the course of the trial, to suspend the proceedings and launch a full-scale hearing as to his competency.

I.

A pre-trial hearing was conducted on Sharp's motion to suppress the challenged evidence, from the denial of which he also appeals, and the Judge made a factual finding that Sharp had consented to the searches of the automobile which he was attempting to sell. Search of Sharp's person was also upheld, in part as consented to, and in part as incident to a valid arrest. The trial judge, who was not the one who had heard the motion to suppress, refused, in the absence of fresh evidence, to disturb the ruling in favor of admissibility made at the earlier plenary hearing on the motion. After carefully reviewing the transcripts of that hearing and of the trial itself, we agree that the searches were legal and that no error was committed in allowing the introduction of their fruits at the trial.

II.

Taking the stand in his own behalf, Sharp disclosed that, while serving a previous sentence, he had spent almost a year in the Medical Center for Federal Prisoners at Springfield, Missouri. The District Court immediately caused a telephone call to be made to Springfield, and learned that the psychiatrists there considered Sharp normal upon his release two years earlier. Observing at trial no indication of mental illness, the court declined to suspend the proceedings. Before imposing sentence, however, the

Judge had Sharp examined again by the Springfield authorities, and also by an independent court-appointed consultant. Both declared him competent. We are of the opinion that the District Court zealously protected Sharp's rights and accorded him the full measure of due process. This case is a far cry from Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), where substantial uncontradicted evidence of mental illness was completely ignored. See also Jacobs v. United States, 350 F.2d 571 (4th Cir. 1965). Here every possibility of a mental condition adversely affecting the defendant's capacity to cooperate with counsel at the trial, or his legal responsibility for the criminal conduct, was carefully explored, and the questions definitely set at rest. The decision of the District Court is

Affirmed.